CHLee.PLE

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00032-003 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| CHUN-HAN LEE, | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, CHUN-HAN LEE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count 1 of the Indictment charging him with Conspiracy to Commit Fraud Using Counterfeit Access Devices, in violation of Title 18 U.S.C. §§ 371 and 1029(a)(1).

2. (a) The defendant, CHUN-HAN LEE, understands that the <u>maximum</u> sentence for Criminal Conspiracy is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may

-1-

include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2. (b) If defendant pleads guilty to this charge, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines. At the time of sentencing, the government will also move to dismiss the remaining Counts of the Indictment.

3. The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant, CHUN-HAN LEE, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of credit card fraud, and related unlawful activities, including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses which he reveals to Federal authorities.

- 2 -

5. The defendant understands that to establish a violation of Criminal Conspiracy as charged pursuant to 18 U.S.C. § 371, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: In or about January, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

<u>Second</u>: The defendant became a member of the conspiracy knowing of of at least one of its objects and intending to help accomplish it; and

<u>Third</u>: That one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6. The defendant understands that the United States Probation Office will calculate a "sentencing range" with the United States Sentencing Guidelines. The defendant understands the Sentencing Guidelines are advisory, but will be used by the District Court in fashioning the sentence. The defendant also understands that the facts he stipulates to herein will be used by probation, pursuant to §1B1.2 of the Sentencing Guidelines, in calculating the advisory guidelines level.

Further, if the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8(a) of the Sentencing Guidelines, this information should not be used in determining the advisory guidelines range.

The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guideline's range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea. Pursuant to Federal Rule of Criminal Procedure Rule 11(e)(2), the defendant also understands that if the court does not accept the sentencing recommendation made by the United States to the court pursuant to Rule 11(e)(1)(B), the defendant nevertheless has no right to withdraw his guilty plea.

7. The government and the defendant stipulate and agree to the following facts for purposes of the Sentencing Guidelines and that the Sentencing Guidelines range shall be determined solely from the facts set forth herein, to wit:

(a) The defendant was born in 1967, and is a citizen of the ~~People's~~ Republic of China.

(b) In or about January, 2005, the defendant, CHUN-HAN LEE, entered into an agreement with NAI-JOU WANG, MING JUI SHIH, and others to acquire counterfeit credit cards and corresponding false identification for the purpose of committing fraud against retailers located in the Territory of Guam.

(c) Defendant CHUN-HAN LEE acquired counterfeit credit cards bearing the name "Benjamin Tong" and a false British passport also in the name of "Benjamin Tong" but bearing the likeness or photograph of CHUN-HAN LEE.

(d) Defendant NAI-JOU WANG acquired counterfeit credit cards bearing the name "Pei-Hsun Wu" and a false Chinese passport also bearing the name "Pei-Hsun Wu" but bearing the likeness or photograph of defendant NAI-JOU HSUN.

(e) Defendant MING JUI SHIH acquired counterfeit credit cards bearing the name "Zhiqiang Chen" and a false Chinese passport bearing the name "Minzhong Wang" but bearing the likeness or photograph of defendant MING JUI SHIH.

(f) On or about January 16, 2005, CHUN-HAN LEE, NAI-JOU WANG, MING JUI SHIH, and other co-conspirators traveled from Taiwan to the Territory of Guam for the purpose of using the counterfeit credit cards.

(g) On or about January 16, 2005, defendant NAI-JOU WANG checked into the Outrigger Guam Resort using one of the counterfeit credit cards in the name of "Pei-Hsun Wu" and providing the false Chinese passport in the name of "Pei-Hsun Wu" as a means of identification.

(h) On or about January 16, 2005, defendant CHUN-HAN LEE checked into the Outrigger Guam Resort using a counterfeit credit card in the name of "Benjamin Tong" and

providing the false British passport in the name of "Benjamin Tong" as a means of identification.

(i) Together, the defendants possessed 29 counterfeit credit cards which they used and attempted to use to purchase merchandise from retailers in the Territory of Guam.

8. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which are to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

10. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute defendant for all charges of which it presently has knowledge, and any charges that have been dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon

the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

11. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offense to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//

- 6 -

|  |  |
|---|---|
| 1 | g. That he has had this agreement translated for him into his native language, and |
| 2 | he fully understands it. |
| 3 | h. The defendant is satisfied with the representation of his lawyer and feels that |
| 4 | his lawyer has done everything possible for his defense. |

DATED: 24.05.2005

*LEE CHUN-HAN*

CHUN-HAN LEE
Defendant

DATED: 24 May 2005

*Curtis Van De Veld*

CURTIS VAN DE VELD
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 5-24-05

By: _____
RUSSELL C. STODDARD
First Assistant U.S. Attorney